# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-537V
UNPUBLISHED

| | |
|---|---|
| ROBERT RAYMOND,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: March 11, 2022<br><br>Motion for decision; Dismissal; Influenza Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Ronald C. Homer,* Conway, Homer, P.C., Boston, MA, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 8, 2021, Robert Raymond filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34,[2] (the "Vaccine Act"). Mr. Raymond alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") from an influenza vaccine he received on September 4, 2020. ECF no. 1.

On March 2, 2022, Mr. Raymond filed a motion for a decision dismissing the petition. For the reasons set forth below, Mr. Raymond's motion is **GRANTED**, and this case is **DISMISSED**.

In the petition, Mr. Raymond alleged that he suffered a shoulder injury from an influenza vaccination but did not otherwise detail any of his symptoms or medical treatment. ECF No. 1. Mr. Raymond did not submit any medical records or other supporting documentation with the petition.

---

[1] Although I have not formally designated this Decision for publication, I am required to post it on the United States Court of Federal Claims' website because it contains a reasoned explanation for the action in this case, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

The February 3, 2021 PAR Initial Order required Mr. Raymond to file all the statutorily required documents, including medical records supporting the vaccination, pre-vaccination treatment, and post-vaccination treatment. ECF No. 5. Despite receiving numerous extensions of time, Mr. Raymond did not file any medical records in support of his petition.

On March 2, 2022, Mr. Raymond filed a motion for a decision dismissing the petition stating that he "has been unable to secure further evidence required by the Court to prove entitlement to compensation in the Vaccine Program." ECF No. 16.

To receive compensation under the National Vaccine Injury Compensation Program, a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. *See* §§ 300aa—13(a)(1)(A) and 11(c)(1). Mr. Raymond alleged that he sustained a SIRVA Table Injury.

Under the Vaccine Act, a petitioner may not receive compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). For a Table Injury, among other requirements, a petitioner must establish with supporting documentation that he received a covered vaccine and he satisfied the severity requirement, that he either suffered the effects of this injury for at least six months or the injury resulted in inpatient hospitalization and surgical intervention. § 300aa—11(c)(1). Mr. Raymond did not file sufficient medical records to establish that he received a covered vaccine nor that the met the severity requirement. Moreover, Mr. Raymond admitted in the motion for a decision that he will not be able to establish entitlement to compensation.

Thus, Petitioner has failed to establish entitlement to compensation in the Vaccine Program. **This case is dismissed for insufficient proof. The clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."